UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| NKOSI BROWN; ANN ALFRED,<br><br>        Plaintiffs,<br><br>    -against-<br><br>DWAYNE NASH,<br><br>        Defendant. | 1:24-CV-8200 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Plaintiff Nkosi Brown, of Alcolu, South Carolina, who is appearing *pro se*, filed this action asserting claims on his own behalf and on behalf of another person named Ann Alfred, who is also named as a plaintiff in the caption of the complaint.[1] He appears to invoke both the court's federal question and diversity subject matter jurisdiction. He sues an attorney named Dwayne A. Nash, Esq., of New York, New York. Plaintiff seeks as relief Nash's "assets [,] bodega[,] [and] office space at 30 West 141st St., Apt. 2E (He can pay rent to [Plaintiff] and get a real job so he is not homeless, but [Plaintiff] get[s] the deed to his [apartment so] that he can pay rent to [Plaintiff])." (ECF 1, at 6.)

  By Order dated November 4, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons discussed below, the Court dismisses this action.

---

  [1] Because Plaintiff Nkosi Brown is the only person who has signed the complaint commencing this action, for the purposes of this Order, the Court will refer to him as the sole plaintiff.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2).

**BACKGROUND**

Plaintiff states, in the portion of his complaint in which he is supposed to show the federal constitutional or federal statutory basis for the court to consider his claims under its federal question jurisdiction, that:

> Dwayne A. Nash implanted [a] neural link in [Plaintiff's] brain and has been harassing [Plaintiff] for sex and stealing [Plaintiff's] money while [Plaintiff] work[s] on [Plaintiff's] million dollar plan because [Nash] says [Plaintiff is] not suppose[e]d to earn too much because [Plaintiff's] Cornell University [grade point average] is not high enough.

(ECF 1, at 2.)

Plaintiff does not indicate where and when the alleged events that are the bases for his claims occurred. He does allege, however, that Nash "stole [his] $10,000 from Ovo Sound." (*Id.* at 5.) He also alleges that Nash's "24/7 bodega on Grand Concourse . . . charges $80 point to give $60." (*Id.*) Plaintiff further alleges that Nash "steals money from [Plaintiff's Social Security Insurance] Direct Express." (*Id.*) Plaintiff additionally alleges that Nash "power[s] down [Plaintiff's] phone[s] and breaks them" and also "deletes [Plaintiff's] emails." (*Id.*) Plaintiff alleges that he was "unknowingly . . . scam[med] out of [his] EBT points over $300." (*Id.*) Plaintiff wants as relief Nash's "bodega and will not ask the public government to pay [for] [Nash's] evil crime when he is rich and just doesn't want [Plaintiff] to earn as much or more than him." (*Id.* at 6.)

Plaintiff asserts, in the injuries section of his complaint, that he has suffered a "brain constriction." (*Id.*)

## DISCUSSION

### A.     Claims on behalf of another person

Insofar as Plaintiff asserts claims *pro se* on behalf of Ann Alfred, the Court must dismiss those claims. The statute governing appearances in federal court, 28 U.S.C. § 1654, "allow[s] two types of representation: 'that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself.'" *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) (quoting *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991)). Generally, a nonlawyer cannot bring a civil action on behalf of another person in a federal court. *See United States ex rel. Mergent Servs. v. Flaherty*, 540 F.3d 89, 92 (2d Cir. 2008); *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff does not allege that he is an attorney. Accordingly, he cannot assert claims on behalf of Alfred *pro se*. The Court therefore dismisses any claims that Plaintiff asserts on behalf of Alfred *pro se,* without prejudice.

**B.     Claims of criminal violations**

To the extent that Plaintiff seeks the federal criminal prosecution of anyone, including Nash, the Court must dismiss such claims for relief. Plaintiff cannot initiate a criminal prosecution in this court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 86-87 (1981). Neither Plaintiff nor the Court can direct prosecutors to initiate a criminal proceeding against anyone because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87 (2d Cir. 1972). Accordingly, because Plaintiff lacks standing to cause the federal criminal prosecution of others, *see Linda R.S. v. Richard D.*, 410 U.S. 614, 618-19 (1973), the Court dismisses, for lack of subject matter jurisdiction, any claims in which Plaintiff seeks the federal criminal prosecution of anyone, including Nash, *see* Fed. R. Civ. P. 12(h)(3); *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012) ("If [a] plaintiff[ ] lack[s] Article III standing, a [federal] court has no subject matter jurisdiction to hear [his] claim." (internal quotation marks and citation omitted)).

**C.     Claims under the court's diversity jurisdiction**

The Court understands Plaintiff's complaint as asserting claims against Nash under state law, under the court's diversity jurisdiction. To establish diversity jurisdiction, a plaintiff must first allege that he and the defendant are citizens of different States. *See* 28 U.S.C. § 1332(a)(1); *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998) ("A case falls within the federal district court's 'original' diversity 'jurisdiction' only if diversity of citizenship among the parties is

4

complete, *i.e.*, only if there is no plaintiff and no defendant who are citizens of the same State."). For diversity purposes, an individual is a citizen of the State where he is domiciled, which is defined as the place where the individual "has his true fixed home . . . and to which, whenever he is absent, he has the intention of returning." *Palazzo ex rel. Delmage v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (internal quotation marks and citation omitted). An individual "has but one domicile." *Id.*

There is a second component of diversity jurisdiction—the amount in controversy must be in excess of the sum or value of $75,000. *See* § 1332(a). The sum claimed by a plaintiff will control if the claim of value is made in good faith. *See St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). The Court can dismiss a diversity action for failing to plead that the amount in controversy exceeds the sum or value of $75,000, but only if there is "a legal certainty from the complaint that the plaintiff cannot recover sufficient damages to invoke [diversity] jurisdiction." *Zacharia v. Harbor Island Spa, Inc.*, 684 F.2d 199, 202 (2d Cir. 1982); *see Ochoa v. Interbrew Am., Inc.*, 999 F.2d 626, 629 (2d Cir. 1993) ("[I]n determining whether a challenged jurisdictional amount has been met, district courts are permitted only to assess the allegations in a complaint and not the validity of any asserted defenses."). "A plaintiff seeking to invoke diversity jurisdiction 'cannot[,] [however,] meet his burden of proof with mere conclusory allegations of indirect or speculative value.'" *Chavez v. Maker*, No. 1:18-CV-7965 (RA) (GWG), 2019 WL 4926348, at *4 (S.D.N.Y. Oct. 7, 2019) (citation omitted), *report & recommendation adopted sub nom.*, *Chavez v. Wylie*, No. 18-CV-7965 (RA), 2019 WL 6873806 (S.D.N.Y. Dec. 17, 2019), *appeal dismissed*, No. 20-383, 2020 WL 4332758 (2d Cir. May 28, 2020); *Weir v. Cenlar FSB*, No. 7:16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not

to receive the presumption of truth unless it is supported by facts rendering it plausible" (citation omitted)).

Plaintiff asserts that he is a citizen of South Carolina and that Nash is a citizen of New York. (ECF 1, at 2-3.) Thus, the parties appear to be diverse. He does not, however, allege anything to suggest that his claims under state law satisfy the jurisdictional amount in controversy—an amount in excess of the sum or value of $75,000. Plaintiff alleges that Nash stole Plaintiff's $10,000 from "Ovo Sound." (*Id.* at 5.) He also alleges that Nash "steals money from [Plaintiff's Social Security Insurance] Direct Express" (*id.*), but he does not allege how much money Nash has stolen from him with respect to his Social Security benefits. Plaintiff further alleges that he "was unknowingly scam[med] out of [his] EBT points over $300." (*Id.* at 6.) In sum, Plaintiff does not allege any non-conclusory facts showing that his claims under state law satisfy the abovementioned jurisdictional amount for a diversity action. Accordingly, to the extent that Plaintiff asserts claims under state law, under the court's diversity jurisdiction, the Court dismisses them for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

### D.     Plaintiff's remaining claims are frivolous

The Court dismisses Plaintiff's remaining claims as frivolous. Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous. 28 U.S.C. § 1915(e)(2)(B)(i). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). A complaint is "'factually frivolous' if the sufficiently well-pleaded facts are 'clearly baseless'—that is, if they are 'fanciful,' 'fantastic,' or 'delusional.'" *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) (quoting *Denton*, 504 U.S. at 32-33) (finding as frivolous and baseless allegations that set forth a fantastical alternative history of the September 11, 2001 terrorist attacks); *see also Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (A claim is frivolous when it

"lacks an arguable basis either in law or in fact."); *Livingston*, 141 F.3d at 437("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)). Moreover, a court has "no obligation to entertain pure speculation and conjecture." *Gallop*, 642 F.3d at 368.

Plaintiff's remaining claims appear to be based on Plaintiff's allegations that Nash: (1) "implanted a neural link in [Plaintiff's] brain" (ECF 1, at 2); (2) told Plaintiff that Plaintiff is "not suppose[d] to earn too much because [Plaintiff's] Cornell University [grade point average] is not high enough" (*id.*); and (3) caused Plaintiff to have a "brain constriction" (*id.* at 6). A "[p]laintiff's beliefs—however strongly he may hold them—are not facts." *Morren v. New York Univ.*, No. 1:20-CV-10802 (JPO) (OTW), 2022 WL 1666918, at *18 (S.D.N.Y. Apr. 29, 2022) (citation omitted), *report and recommendation adopted*, 2022 WL 1665013 (S.D.N.Y. May 25, 2022). Plaintiff provides no factual basis for the abovementioned assertions. *See Lefkowitz v. John Wiley & Sons, Inc.*, No. 13-CV-6414 (KPF), 2014 WL 2619815, at *10 (S.D.N.Y. June 2, 2014) (complaint must set forth facts showing basis for information and belief); *Johnson v. Univ. of Rochester Med. Ctr.*, 686 F. Supp. 2d 259, 266 (W.D.N.Y. 2010) (even where necessary evidence is in "exclusive control of the defendant, . . . . a plaintiff must still set forth the factual basis for that belief"), *appeal dismissed*, 642 F.3d 121 (2d Cir. 2011).

The Court finds that Plaintiff does not provide any plausible factual support for his remaining claims arising from the abovementioned assertions; such claims rise to the level of the irrational. *See Livingston*, 141 F.3d at 437. The abovementioned allegations amount to conclusory claims that are not plausible and must be dismissed as frivolous. *See Kraft v. City of New York*, 823 F. App'x 62, 64 (2d Cir. 2020) (summary order) (holding that "the district court

7

did not err in *sua sponte* dismissing the complaint as frivolous," based on the plaintiff's allegations that he had "been the subject of 24-hour, multi-jurisdictional surveillance by federal 'fusion centers' and the New York State Intelligence Center, which put a 'digital marker' on him in order to collect his personal data and harass him"); *Khalil v. United States*, Nos. 17-CV-2652 (JFP) (SIL), 17-CV-5458 (JFP) (SIL), 2018 WL 443343, at *4 (E.D.N.Y. Jan. 12, 2018) (dismissing action where the "[p]laintiff allege[d] a broad conspiracy involving surveillance of and interference with his life by the United States and various government actors" because his allegations were "irrational and wholly incredible"). The Court therefore dismisses Plaintiff's remaining claims as frivolous. *See* § 1915(e)(2)(B)(i).

E.  **Leave to amend denied**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011). Plaintiff's complaint does not suggest that he is in possession of facts that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (district court did not err in dismissing claim with prejudice in absence of any indication that the plaintiff could or would provide additional allegations leading to a different result); *Fischman v. Mitsubishi Chem. Holdings Am., Inc.*, No. 18-CV-8188 (JMF), 2019 WL 3034866, at *7 (S.D.N.Y. July 11, 2019) (declining to grant leave to amend as to certain claims in the absence of any suggestion that additional facts could remedy defects in the plaintiff's pleading). Because it appears that the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

F.  **Litigation history**

The Court notes that, in an Order dated November 3, 2025, which was entered after Plaintiff commenced the present action, in another of Plaintiff's *pro se* actions brought in this

court, the undersigned barred Plaintiff from filing any future civil action IFP in this court without first obtaining the court's leave to file. *Brown v. www.junhampton.com*, ECF 1:24-CV-7173, 7 (S.D.N.Y. Nov. 3, 2025). The Court reminds Plaintiff that the abovementioned filing injunction remains in effect.

## CONCLUSION

The Court dismisses this action for the reasons set forth in this Order.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court enter a Civil Judgment dismissing this action for the reasons set forth in this Order.

The Court also directs the Clerk of Court to mail a copy of this Order and the accompanying Civil Judgment to Plaintiff at: (1) his address of record; and (2) 2536 Grand Avenue, Apt. 3A, Bronx, New York 10468.

SO ORDERED.

Dated:  November 24, 2025
        New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge